UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDULKADIR ABDISALAM, individually and for all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STRATEGIC DELIVERY SOLUTIONS, LLC,<br><br>Defendant. | Case No. 1:24-cv-12141<br><br>**JURY DEMANDED**<br><br>*Leave to file granted:*<br>September 19, 2024. |

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. Plaintiff Abdulkadir Abdisalam ("Abdisalam") has performed local delivery as a medical courier for Defendant Strategic Delivery Solutions, LLC ("SDS") in Massachusetts. SDS is a company that operates in several states providing "healthcare delivery services," that is, transporting medication and medical supplies for pharmacies, hospitals, and laboratories. SDS uses medical couriers like Abdisalam to provide those services but has misclassified those individuals as independent contractors, rather than employees. As a result of that misclassification, SDS has failed to pay its medical couriers, Abdisalam included, all their wages earned.

2. Abdisalam brings this action individually and for all others similarly situated pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 149, § 150. He seeks to represent the following certified class: all individuals who have personally performed healthcare delivery services for SDS in Massachusetts during the statutory period applicable to this action. For himself and the members of that putative class, Abdisalam seeks declaratory judgment that the medical couriers used by SDS are employees under Massachusetts law; compensatory damages in the form of monetary restitution; automatic trebling; interest; and his reasonable attorneys' fees and costs.

1

## JURISDICTION AND VENUE

3. The Superior Court has jurisdiction over this matter pursuant to M.G.L. c. 212, § 3, because this is a civil action for money damages where there is no reasonable likelihood that the plaintiff will recover an amount less than or equal to $50,000.

4. Venue is proper in Worcester County pursuant to M.G.L. c. 223, § 1, because this is a transitory action and because the plaintiff resides in Worcester County.

## THE PARTIES

5. Abdulkadir Abdisalam is an individual and an adult resident of Worcester, Massachusetts.

6. Abdisalam brings this action pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 149, § 150, for himself and for all individuals who have personally performed healthcare delivery services for Strategic Delivery Solutions, LLC, in Massachusetts during the three-year statutory period applicable to this action.

7. Strategic Delivery Solutions, LLC, is a New Jersey-based limited liability corporation organized under the laws of the State of New York that operates in Massachusetts, among several other states.

## STATEMENT OF FACTS

8. SDS is a company that was founded by Andrew "Drew" Kronick in 2009.

9. SDS operates in several states, including Massachusetts.

10. SDS markets itself under the trade name "SDS Rx" as a "reliable, trusted healthcare delivery" provider.

11. SDS provides pharmacies, medical laboratories, hospitals, and similar businesses with medication and medical supply delivery.

12. SDS retains individuals to act as "medical couriers" to provide these delivery services.

13. SDS's medical couriers are part of a class of workers engaged in interstate commerce because they play an essential role in the free flow of goods across state lines for SDS and its clients.

14. SDS classifies its medical couriers as independent contractors, rather than employees.

15. SDS requires individuals interested in performing medical courier services to apply as they would for any other job.

16. SDS requires prospective medical drivers to possess certain qualifications, including:

    a. "a spotless driving record";

    b. a valid driver's license;

    c. their own vehicle;

    d. motor vehicle insurance with coverage up to $100,000 or $300,000;

    e. a criminal background check; and

    f. drug screening.

17. SDS requires prospective medical couriers to pay for their background checks, drug screening, and insurance.

18. SDS has taken deductions from Abdisalam's compensation for items such as insurance.

19. SDS requires medical couriers to form their own corporations in order to provide services for SDS.

20. SDS requires new medical couriers to form their own corporations in order to further the fiction that they are "independent contractors" and not employees of SDS.

21. Abdisalam worked for SDS as a medical courier between 2019 and 2020, when he stopped doing deliveries due to the pandemic.

22. Abdisalam resumed working for SDS as a medical courier in about August 2022 and has performed medical courier delivery services for them since that time.

23. SDS required Abdisalam to form his own corporation in order to provide delivery services for SDS.

24. As required by SDS, Abdisalam formed a corporation called "Abdul Courier LLC," which he registered with the Massachusetts Secretary of the Commonwealth.

25. As an SDS medical courier, Abdisalam is responsible for picking up prescription medication and other medical supplies from a pharmacy warehouse and delivering those items to patients in Massachusetts, New Hampshire, Connecticut, and Rhode Island.

26. Abdisalam typically works about 14 to 16 hours per day, 5 or 6 days per week, as a medical courier for SDS.

27. SDS requires its medical couriers to use their own personal vehicles when performing delivery services.

28. Abdisalam uses his personal vehicle to perform delivery services for SDS.

29. SDS does not reimburse its medical couriers, and has not reimbursed Abdisalam, for the transportation costs incurred in connection with their work, including mileage.

30. For example, SDS has never reimbursed Abdisalam for fuel, tolls, maintenance, insurance, or mileage on his personal vehicle, which he used to perform delivery services for SDS.

31. SDS pays its medical couriers a flat rate for "regular" assigned delivery routes, which vary depending on the route.

32. SDS pays its medical couriers on a 1099 (non-wage income) basis.

33. SDS has misclassified its medical couriers as independent contractors when, as a legal matter, it should classify them as employees.

34. SDS retains a substantial degree of control, and actually exercises control, over the work performed by the medical couriers.

35. For example, SDS:

    a. decides whether to hire or fire medical couriers;

    b. assigns routes to the medical couriers;

    c. determines the rate and method of compensating the medical couriers;

    d. retains the right to change the medical couriers' rate and method of compensation with or without notice;

    e. requires the medical couriers to complete and submit certain forms and paperwork in connection with their deliveries;

    f. requires the medical couriers to stay in contact with their SDS supervisors by phone (i.e., by text message);

    g. requires the medical couriers to submit "invoices" in order to get paid; and

    h. requires the medical couriers to submit to GPS monitoring so that customers can track their whereabouts.

36. The medical couriers perform a service that is well within the usual course of SDS's business.

37. SDS is in the business of providing healthcare supply delivery to businesses and patients. SDS could not provide that service without medical couriers.

38. The medical couriers used by SDS are not independently established in a trade, occupation, or business that provides the same or similar services as SDS.

39. Abdisalam, for example, has no independent experience as a "professional" medical courier and has not worked as a medical courier for any other entity since returning to SDS in August 2022.

40. Indeed, SDS does not require prospective medical couriers to have any prior experience working as medical couriers.

41. SDS also markets its medical couriers as "belonging" to SDS. For example, on its website, SDS refers to the medical couriers as "our" drivers.

42. SDS's investment in its business far outstrips any investment that the medical couriers may make in their own alleged "business."

43. For example, SDS advertises its significant investment in "leading-edge technology," a "fully staffed technology team," a 24/7 "helpdesk," proprietary data software, and "mobile software" for tracking packages.

44. By comparison, the medical couriers' "investment" in their "business" is limited to the out-of-pocket expense incurred in forming a corporation at SDS's behest and the costs associated with their personal vehicles.

## CLASS ALLEGATIONS

45. Abdisalam brings this action pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 149, §§ 148 and 150, on behalf of himself and all individuals who have personally performed

healthcare delivery services for SDS in Massachusetts during the statutory period applicable to this action.

46. The members of the proposed class are so numerous that joinder of all of them is impracticable. The size of the proposed class is estimated to exceed 30 individuals during the statutory period based on high turnover among couriers. Joinder of all such individuals, who may live in Massachusetts and other nearby states, would be inefficient and uneconomical.

47. Abdisalam's claims are the same as the claims of the other putative class members because SDS's policy of classifying the proposed class members as independent contractors is uniform among those class members, as is the related claim for failure to pay wages.

48. Common questions of law and fact concerning the claims of the proposed class members predominate over any questions affecting individual class members, including whether SDS's classification and compensation policies complied with Massachusetts law.

49. Abdisalam and the putative class members suffered similar losses, injuries, and/or damages on account of SDS's consistent practice of independent contractor misclassification, failure to pay wages, and failure to reimburse for all transportation expenses.

50. The relief sought by Abdisalam is typical of the relief which could be sought by each member of the proposed class in separate actions.

51. Abdisalam will adequately protect the interests of the putative class members and has retained counsel who is qualified and experienced in the prosecution of wage-and-hour class actions. Neither Abdisalam nor his counsel have interests that are contrary to, or conflicting with, the interests of the members of the proposed class.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, *inter alia*, it is economically infeasible for the proposed

class members to prosecute individual actions on their own; indeed, current employees of SDS may avoid doing so due to the fear of reprisal. Prosecution of this case as a class action will also eliminate the possibility of duplicative lawsuits being filed in other courts in Massachusetts.

53. This case will be manageable on a class basis. Abdisalam and his counsel know of no unusual difficulties in this case. Moreover, SDS likely possesses time records, payroll data, and compensation reports from which the putative class members' damages may be ascertained.

## ADMINISTRATIVE FILING

54. Abdisalam has filed his statutory claims with the Fair Labor Division of the Massachusetts Attorney General's Office.

## COUNT I
## INDEPENDENT CONTRACTOR MISCLASSIFICATION
## M.G.L. c. 149, § 148B

55. The Massachusetts independent contractor statute, M.G.L. c. 149, § 148B, provides that any individual performing a service for another shall be considered an employee unless:

(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and

(2) the service is performed outside the usual course of the business of the employer; and

(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

56. As set forth herein, SDS has violated the Massachusetts independent contractor statute by classifying its medical couriers as independent contractors even though SDS cannot satisfy any part of the independent contractor statute with respect to those individuals.

57. Abdisalam brings this claims individually and for all others similarly situated pursuant to M.G.L. c. 149, § 150.

## COUNT II
## FAILURE TO PAY WAGES
## M.G.L. c. 149, § 148

58. The Massachusetts Wage Act, M.G.L. c. 149, § 148, provides that every person having employees shall pay those employees all their "wages earned."

59. As set forth herein, SDS has violated the Massachusetts Wage Act by taking deductions from the medical couriers' wages for the cost of incorporating and requiring that they pay expenses associated with their background checks and drug screening exams.

60. Abdisalam brings this claims individually and for all others similarly situated pursuant to M.G.L. c. 149, § 150.

## COUNT III
## TRANSPORTATION EXPENSES
## M.G.L. c. 149, § 148

61. The Massachusetts Wage Act, M.G.L. c. 149, § 148, provides that every person having employees shall pay those employees all their wages earned.

62. Pursuant to the Massachusetts minimum wage regulations, 454 CMR § 27.04(4)(d):

> An employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and shall be reimbursed for all transportation expenses.

63. As set forth herein, SDS has violated the Massachusetts Wage Act by requiring its medical couriers to pay all costs and expenses associated with their work-related travel, i.e., the use of their personal vehicles in performing delivery services for SDS.

64. Abdisalam brings this claims individually and for all others similarly situated pursuant to M.G.L. c. 149, § 150.

## **JURY DEMAND**

65. Abdisalam requests a trial by jury on all his claims.

## **PRAYER FOR RELIEF**

66. WHEREFORE, Abdisalam respectfully requests that the Court enter judgment against SDS and award the following relief:

   a. certification of the proposed class pursuant to Mass. R. Civ. P. 23;

   b. designation of himself as class representative and the undersigned counsel as class counsel;

   c. declaratory judgment that SDS's medical couriers are, as a matter of law, employees, not independent contractors;

   d. restitution of all unpaid wages, including for all improper deductions taken from the medical couriers' wages;

   e. restitution at the annual IRS reimbursement rate for all miles driven in connection with their work for SDS;

   f. treble damages;

   g. interest;

   h. attorneys' fees and costs; and

   i. any other relief to which he and the proposed class members may be entitled.

Respectfully submitted,
ABDULKADIR ABDISALAM, individually
and on behalf of all others similarly situated,

By their counsel,

 /s/ Brant Casavant
Brant Casavant, BBO #672614
Brook Lane, BBO #678742
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
brant@fairworklaw.com
brook@fairworklaw.com
(t) 617-607-3260
(f) 617-488-2261

DATE: September 24, 2024.